IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

Clay McKnight,
An Individual,

        Plaintiff,

vs.

CASE NO.:

AMERICAN RESIDENTIAL
PRODUCTS, LLC, A Foreign Limited
Liability Company,

        Defendant.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Clay McKnight, ("McKnight" or "Plaintiff"), by and through undersigned counsel, brings this action against Defendant, AMERICAN RESIDENTIAL PRODUCTS, LLC, A Foreign Limited Liability Company, ("ARP" or "Defendant"). Plaintiff in support of his claims states as follows:

### NATURE OF ACTION

1. This action is brought pursuant to violations of (1) Title VII of the Civil Rights Act of 1964 (Title VII), as amended, 42 U.S.C. §2000e *et seq.*; (2) 42 U.S.C. §1981 *et seq.*; and (3) the Florida Civil Rights Act of 1992, as amended Fla. Stat. §760.10, *et seq.*

### JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

3. The Court has supplemental jurisdiction over Plaintiff's state-law claims pursuant to the provisions of 28 U.S.C. § 1367 *et seq*.

4. Venue is proper in the Middle District of Florida, Orlando Division, pursuant to 28 U.S.C. §1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred in Orange County, FL.

## **PARTIES**

5. At all times relevant to this action, Plaintiff is Black and a resident of Lake County, Florida.

6. At all times relevant to this action, Plaintiff was an employee of Defendant.

7. At all times relevant to this action, Defendant is a Foreign Limited Liability Company doing business in Orange County, Florida.

8. At all times relevant to this action, Defendant has its principal place of business in Orange County, Florida.

## **ADMINISTRATIVE PREREQUISITES**

9. Plaintiff timely filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"). A copy of the charge is attached as Exhibit "A".

10. A notification of Right to Sue was received from the EEOC on or about November 16, 2022, and a copy is attached as Exhibit "B". This Complaint has been filed within ninety (90) days of receipt thereof.

11. All conditions precedent to bringing this action have been satisfied and/or waived.

## FACTUAL ALLEGATIONS

12. On or around November 14, 2016, Plaintiff began his employment with Defendant.

13. Plaintiff's job title was Master Installer and Lead. His duties included installing custom closets, shelves, showers, and mirrors in single family homes.

14. While employed with Defendant, Plaintiff, and other Black employees, suffered racial harassment by their Manager, Roger Woods ("Mr. Woods").

15. Frequently, Mr. Woods called Plaintiff, and other Black employees, "fuck monkey" and "boy". Mr. Woods also told Plaintiff, and the other Black employees, that they are "better off here than being in the cotton fields." See Delgado Aff. attached as Exhibit "C".

16. Mr. Woods only called Plaintiff, and the other Black employees, "fuck monkey" or "boy". Plaintiff, and the other Black employees, believed this was due to their race.

17. In or around September, 2021, Plaintiff reported Mr. Woods' comments to Human Resources ("HR"). Plaintiff was told, "well that's how Roger (Mr. Woods) is."

18. After Plaintiff reported Mr. Woods' comments to HR, Defendant took the company truck away from Plaintiff, removed Plaintiff from his Lead truck driving position, and denied Plaintiff numerous opportunities to work overtime.

19. Defendant knew the company truck was Plaintiff's sole means of transportation to and from work.

20. Although Plaintiff reported Mr. Woods' comments to HR, Mr. Woods continued to used race-based derogatory language toward Plaintiff and other Black employees.

21. On or around December 15, 2021, Mr. Woods once again called Plaintiff a Fuck Monkey.

22. On or around December 17, 2021, Plaintiff resigned because he was removed from the position of Lead, and the ongoing racial harassment and retaliation he faced.

## COUNT I – VIOLATION OF TITLE VII RACE BASED DISCRIMINATION – DISPARATE TREATMENT

23. Plaintiff realleges and readopts the allegations of Paragraphs One (1) through Twenty-Two (22) as though fully set forth herein.

24. Plaintiff is a member of a protected class due to his race.

25. Plaintiff was treated less favorably than similarly situated individuals outside of his protected class in regard to terms and conditions of employment, when he and other Black employees were frequently called "Fuck Monkey", boy, and told that he, and the other Black employees, are "better off here than being in the cotton fields."

26. Defendant's actions were willful, knowing and voluntary, and otherwise done with malice and/or reckless indifference to Plaintiff's rights.

**WHEREFORE**, Plaintiff demands judgment against Defendant to include: an award of backpay and benefits, front pay, prejudgment and post judgement interest, compensatory damages, non-pecuniary damages, punitive damages, declaratory relief, injunctive relief, costs and reasonable attorney's fees, and any other such relief as this honorable Court deems just and equitable.

## COUNT II – VIOLATION OF TITLE VII – RETALIATION

27. Plaintiff realleges and readopts the allegations of Paragraphs One (1) through Twenty-Two (22), as though fully set forth herein.

28. Plaintiff engaged in protected activity by opposing an employment practice made unlawful by Title VII of the Civil Rights Act when Plaintiff reported Mr. Woods' comments to Human Resources .

29. In retaliation for engaging in protected activity, Plaintiff suffered materially adverse employment actions, including but not limited to, Defendant taking the company truck away from Plaintiff, removing Plaintiff from his Lead truck driving position, and denying Plaintiff numerous opportunities to work overtime.

30. The actions of Defendant might well deter a reasonable employee from voicing their concerns about Mr. Wood's discriminatory comments.

31. The actions of Defendant might well deter a reasonable employee from reporting a supervisor's discriminatory comments.

32. Defendant's illegal retaliation against Plaintiff was willful, malicious, and taken with reckless indifference to Plaintiff's rights.

**WHEREFORE**, Plaintiff demands judgment against Defendant to include: an award of backpay and benefits, front pay, prejudgment and post judgement interest, compensatory damages, non-pecuniary damages, punitive damages, declaratory relief, injunctive relief, costs and reasonable attorney's fees, and any other such relief as this honorable Court deems just and equitable.

### COUNT III – TITLE VII – HOSTILE WORK ENVIORNMENT

33. Plaintiff realleges and readopts the allegations of Paragraphs One (1) through Twenty-Two (22), as though fully set forth herein.

34. Plaintiff is a member of a protected class due to his race.

35. Defendant created and allowed a discriminatory hostile work environment based on race that severely **or** pervasively altered the terms and conditions of Plaintiff's employment.

36. Defendant knew, or should have known, of the harassment of Plaintiff, and the other Black employees, and failed to take appropriate remedial action.

37. Defendant's actions were willful, knowing and voluntary, and otherwise done with malice and/or reckless indifference to Plaintiff's rights.

**WHEREFORE**, Plaintiff demands judgment against Defendant to include: an award of backpay and benefits, front pay, prejudgment and post judgement interest, compensatory damages, non-pecuniary damages, punitive damages, declaratory relief, injunctive relief, costs and reasonable attorney's fees, and any other such relief as this honorable Court deems just and equitable.

## COUNT IV – TITLE VII – CONSTRUCTIVE DISCHARGE

38. Plaintiff realleges and readopts the allegations of Paragraphs One (1) through Twenty-Two (22), as though fully set forth herein.

39. Plaintiff is a member of a protected class due to his race.

40. Defendant created and allowed a discriminatory hostile work environment based on race that severely **or** pervasively altered the terms and conditions of Plaintiff's employment.

41. Defendant knew, or should have known, of the harassment of Plaintiff and failed to take appropriate remedial action.

42. The working conditions were so intolerable that a reasonable person in the Plaintiff's position would feel compelled to resign.

43. Defendant's actions were willful, knowing and voluntary, and otherwise done with malice and/or reckless indifference to Plaintiff's rights.

**WHEREFORE**, Plaintiff demands judgment against Defendant to include: an award of backpay and benefits, front pay, prejudgment and post judgement interest, compensatory damages, non-pecuniary damages, punitive damages, declaratory relief, injunctive relief, costs and reasonable attorney's fees, and any other such relief as this honorable Court deems just and equitable.

## COUNT V – VIOLATION OF 42 U.S.C. § 1981

44. Plaintiff realleges and readopts the allegations of Paragraphs One (1) through Twenty-Two (22), as though fully set forth herein.

45. Plaintiff is a member of a protected class due to his race.

46. Defendant created and allowed a discriminatory hostile work environment based on race that severely **or** pervasively altered the terms and conditions of Plaintiff's employment.

47. Defendant knew, or should have known, of the harassment of Plaintiff and failed to take appropriate remedial action.

48. Defendant' actions were willful, knowing and voluntary, and otherwise done with malice and/or reckless indifference to Plaintiff's rights.

    **WHEREFORE**, Plaintiff demands judgment against Defendant to include: an award of backpay and benefits, front pay, prejudgment and post judgement interest, compensatory damages, non-pecuniary damages, punitive damages, declaratory relief, injunctive relief, costs and reasonable attorney's fees, and any other such relief as this honorable Court deems just and equitable.

### **COUNT VII – FLORIDA CIVIL RIGHTS ACT – RACE BASED DISCRIMINATION – DISPARATE TREATMENT**

49. Plaintiff realleges and readopts the allegations of Paragraphs One (1) through Twenty-Two (22), as though fully set forth herein.

50. Plaintiff was treated less favorably than similarly situated individuals outside of his protected class in regard to terms and conditions of employment, when he and other Black employees were called a "Fuck Monkey", boy, and told that he, and the other Black employees, are "better off here than being in the cotton fields."

51. Defendant's actions were willful, knowing and voluntary, and otherwise done with malice and/or reckless indifference to Plaintiff's rights.

    **WHEREFORE**, Plaintiff demands judgment against Defendant to include: an award of backpay and benefits, front pay, prejudgment and post

judgement interest, compensatory damages, non-pecuniary damages, punitive damages, declaratory relief, injunctive relief, costs and reasonable attorney's fees, and any other such relief as this honorable Court deems just and equitable.

## COUNT VIII – FLORIDA CIVIL RIGHTS ACT – RETALIATION F.S. §760.10 (7)

52. Plaintiff realleges and readopts the allegations of Paragraphs One (1) through Twenty-Two (22), as though fully set forth herein.

53. Plaintiff engaged in protected activity by opposing an employment practice made unlawful by Title VII of the Civil Rights Act when Plaintiff reported Mr. Woods' comments to Human Resources.

54. In retaliation for engaging in protected activity, Plaintiff suffered materially adverse employment actions, including but not limited to, Defendant taking the company truck away from Plaintiff, removing Plaintiff from his Lead truck driving position, and denying Plaintiff numerous opportunities to work overtime.

55. The actions of Defendant might well deter a reasonable employee from voicing their concerns about Mr. Wood's discriminatory comments.

56. The actions of Defendant might well deter a reasonable employee from reporting a supervisor's discriminatory comments.

57. Defendant's illegal retaliation against Plaintiff was willful, malicious, and taken with reckless indifference to Plaintiff's rights.

**WHEREFORE**, Plaintiff demands judgment against Defendant to include: an award of backpay and benefits, front pay, prejudgment and post judgement interest, compensatory damages, non-pecuniary damages, punitive damages, declaratory relief, injunctive relief, costs and reasonable attorney's fees, and any other such relief as this honorable Court deems just and equitable.

### DEMAND FOR JURY TRIAL

Plaintiff respectfully demands a trial by jury for all issues so triable.

Dated: **January 2, 2023**

          Respectfully submitted,

            */s/ Deron T. Roberson Jr.*
            DERON T. ROBERSON, JR.
            Florida Bar Number 1011941
            AARON C. ROBERSON
            Florida Bar Number 1018139
            **ROBERSON & ROBERSON P.A.**
            Email:
            d.roberson@robersonemploymentlaw.com
            a.roberson@robersonemploymentlaw.com
            Info@robersonemploymentlaw.com
            16057 Tampa Palms Blvd. W. #231
            Tampa, Florida 33647
            Phone: 813.808.3688
            Attorneys for Plaintiff